PEOPLE *ex rel.* SMITH *v.* BARRETT, Justice.[1]

*(Supreme Court, General Term, First Department.* January 24, 1890.)

OFFICE AND OFFICER—APPOINTMENT—WHEN TERM BEGINS.

The New York consolidation act, (Laws 1882, c. 410,) § 106, provides that the terms of all officers, whensoever actually appointed, shall commence on the 1st day of May in the year in which the terms of office of their predecessors shall expire; but the commissioner of public works to be appointed on the expiration of the term of the present incumbent, in December, 1884, shall hold from the 1st day of May succeeding such month. *Held,* that it was clearly the intention that the commissioner's term should begin on May 1, 1885, and it was immaterial that the termination of his predecessor's term was erroneously stated to be in December, 1884.

On *certiorari* to review the action of Mr. Justice Barrett, of the supreme court, in issuing a warrant to the sheriff to compel the relator, D. Lowber Smith, to deliver the books and papers of the office of the commissioner of public works to Thomas F. Gilroy.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Noah Davis,* for relator. *James C. Carter* and *W. B. Cockran,* for respondent.

VAN BRUNT, P. J. Prior to the 1st of May, 1889, the relator held the office of commissioner of public works in the city of New York. On the 2d of May, 1889, the mayor, claiming that the term of office of the relator had expired, appointed Thomas F. Gilroy to this office, and said Gilroy, having made a demand upon the relator for the books and papers pertaining to that office, which demand was refused, applied to one of the justices of this court for an order requiring the relator to show cause, at the time and place therein stated, why

[1] Affirming 5 N. Y. Supp. 784.

he should not deliver over the said books and papers to said Gilroy, his successor in office. At the time and place appointed, the parties appeared; and the relator submitted an affidavit setting forth certain facts under which he claimed that his term of office did not expire on the 1st of May, 1889, and that it did not expire until the last of May, 1891. Upon the presentation of the matter to the learned justice who issued the order to show cause, he decided that the warrant should issue; and a warrant issued, which was served by the sheriff upon the relator, who thereupon delivered the books and papers to Thomas F. Gilroy. These proceedings were initiated, under the provisions of the Revised Statutes, to compel the delivery of books and papers by public officers to their successors; and it must be conceded that the statute undoubtedly was intended to apply only to those cases where there was no dispute as to the title to the office grounded upon any reasonable foundation. Its operation could not be defeated by a party alleging that there was a dispute, and even fortifying his claim by the opinion of counsel; but it must appear from the record that there was some reasonable ground for the dispute. If there is none, then the officer has authority to act; and if there is, then the law provides another method of trying this disputed question. The title to an office cannot be tried by this proceeding. It is certainly clear that, if there is any question of fact which should go to a jury, the statute is not applicable; and so, if the question as to the title to the office arises as a question of law only, if there is any reasonable doubt as to the construction to be placed upon the conceded facts, in view of the statutes applicable thereto, this summary remedy cannot be resorted to. We think, in the case at bar, that the questions are entirely plain, and simply need to be stated in order that an answer may be made thereto; and the only embarrassment which we have had in coming to the conclusion that we have is the fact that the judge below thought it necessary to write so long and extended an opinion. An examination, however, of this opinion seems to show that the greater part of that opinion is devoted to a very satisfactory solution of questions which we do not think it necessary to decide or discuss.

An examination of the points upon the part of the relator shows that the only question which is involved in obscurity, and which can be the subject of discussion, is as to when the term of office which the relator represents commenced. There is not a particle of obscurity as to the time when it ended. Now it is utterly immaterial, in the disposition of the question now before the court, as to when the term which Mr. Smith represents commenced. The only thing with which we have anything to do is when it ended. Prior to the passage of the consolidation act, in 1882, there had been great confusion as to the time at which the terms of certain public officers ended, and there were complications which might give rise to grave disputes; and it was the apparent intention of the framers of this act to produce harmony and certainty where confusion and uncertainty existed before. Therefore, by section 106 of the consolidation act, it was provided as follows: "(106) The mayor shall nominate, and, by and with the consent of the board of aldermen, appoint, the heads of departments, and all commissioners, except as hereinafter otherwise specially provided. * * * Every head of department and person in this section named, except as in this act otherwise provided, shall hold his office for the term of six years, and, in each case, until a person is duly appointed and has qualified in his place; but any person appointed after the commencement of the term as herein prescribed shall hold only until the expiration of such term, and until a successor is duly appointed and qualified. The terms of office of all such heads of departments and persons, whensoever actually appointed, shall commence on the 1st day of May in the year in which the terms of office of their predecessors expire; but the comptroller, corporation counsel, and commissioner of public works to be appointed on the expiration of the terms of office of the present incumbents, in December, 1884,

shall hold their offices until four years from the 1st day of May succeeding such month." And it is claimed, because possibly the legislature, in describing when the terms of the comptroller, corporation counsel, and commissioner of public works then in office would expire, made a mistake, that therefore all the active part of the legislation necessarily falls. In this we think there is clear error. There is no rule of statutory construction which provides that every part of the description of a statute is necessarily material. There is no rule of law which invalidates a statute or contract where the description of an immaterial part of the statute or contract may happen to be incorrect. It is clear that in the statute in question the words "in December, 1884," are entirely immaterial to the clear interpretation of the statute. There can be no doubt that, had the statute read, "the comptroller, corporation counsel, and commissioner of public works to be appointed after the expiration of the terms of office of the present incumbents shall hold their offices until the 1st of May, 1889," no possible ground of contention could have arisen. Merely because the legislature, in the statute, misdescribed the time at which the present terms of office of these officers would expire,—if that be the fact, which we do not concede,—can it be that the whole legislation must necessarily fall? Such description was entirely immaterial, and is surplusage. The determination of the legislature to make the terms of office of the successors of the then present incumbents expire at a certain period was clearly manifested, and whether the terms of office of the then present incumbent expired at one period or another was not at all material. This proposition seems so plain that it does not admit of argument. It is impossible to read this provision of the statute without seeing that the legislature intended that the term of these officers should expire four years from the 1st of May, 1885. The whole difficulty which is attempted to be thrown around this question rests upon the assumption that there is to be found in the act an intention to extend the terms of the then present incumbents beyond the terms at which under previous legislation the term of office would expire. It is founded partially upon the claim that no right is given to the persons so to be appointed to hold the office before the 1st of May, 1885. We read the statute in vain for any such construction. The staute nowhere states when the term is to commence. The only provision of the statute is that it shall end four years from May 1, 1885. Neither was it stated in the statute that it should commence either on or prior to the 1st of May, 1885. If the then present incumbents were entitled to hold office beyond the 1st of May, 1885, there is no intention to legislate them out of office, or to shorten the terms during which they were entitled to hold the office. The only legislative intention to be found in the act is that their successors should not hold office beyond the 1st of May, 1889. As already stated, all the arguments which are used for the purpose of showing that there is any reasonable doubt upon the questions involved upon this *certiorari* are directed to the wrong end of this discussion. It is entirely immaterial when the term of office commenced. It is certain that it ended on the 1st of May, 1889, according to the express, unequivocal, and direct provision of the legislature. We think, therefore, that there is no reasonable doubt upon the question involved, and that the writ of *certiorari* should be dismissed, with costs. All concur.